## SPEARS v. SHROPSHIRE.

See 10 A. R. for decision remanding this case.

In Mississippi (as is admitted,) a settlement, *bona fide*, made before and in contemplation of marriage, is good not only against the husband but against his creditors and subsequent purchasers.

This rule is yet more inflexible, where, in anticipation of marriage, the wife has secured her own property to her own use and that of her children.

Even though, before the marriage settlement, the parties had been formally espoused, the husband having then a wife living (in Tennessee,) which espousals were by the law of Mississippi *void;* yet, a divorce having taken place between the husband and his first wife, and a second marriage, after such divorce, formally celebrated in Mississippi, between the husband and his second wife, in view of which this marriage contract was executed, the contract is as valid as if the first illegal marriage had never existed, as against subsequent creditors.

The contract must be governed by the law of Mississippi, where the parties resided at the time of the marriage. C. C. Art. 10.

APPEAL from the District Court of East Feliciana, *Ratliff,* J. *Smith* and *Smiley & Perin,* for plaintiff. *Muse* and *Sharkey,* for defendant and appellant.

BUCHANAN, J. (MERRICK, C. J., recused himself.) This case was before us last year, and was remanded for the admission of a certain marriage settlement, which had been rejected by the District Court. See 10 Annual, p. 218.

The plaintiff had judgment in the court below, for the slaves mentioned in her marriage settlement and their increase. There was judgment against her on her money claim. Defendant appealed, and plaintiff has joined in the appeal, claiming that the judgment be amended, so as to conform to the prayer of the petition.

We were of opinion, when the case was previously considered by us, that the proceedings and decrees in Mississippi, do not on their face show that the marriage settlement has ever been adjudged in Mississippi fraudulent and void. After the full argument that this point has received upon the present trial, we adhere to our opinion as then expressed.

The law of Mississippi is admitted to be, that a settlement, bona fide, made before and in contemplation of marriage, is good, not only against the husband, but against his creditors and subsequent purchasers, and that this rule which applies to cases where property is settled on the intended wife by the intended husband, is yet more inflexible in cases where the intended wife, with the knowledge of her intended husband, secures her own property to her own use and that of her children.

But it is contended that the plaintiff cannot claim the benefit of this rule of law, because, 1st. This was not a settlement, bona fide, in contemplation of marriage : inasmuch as the parties were man and wife at the time of the settlement, and for years before—and 2d. Because the property conveyed was not, in truth, the property of plaintiff, as alleged in the settlement, but was really the property of defendant, having been paid for by him.

The evidence shows that the first marriage of these parties (in 1829,) was null by the laws of Mississippi—*Shropshire* being, at the time of such marriage, already married to a woman who was still living in Tennessee, from whom he was not divorced. Hutchinson's Miss. Code, 495, sect. 4.—6 Sm.

and Marsh. Rep. 308. But a divorce had taken place between *Shropshire* and his first wife, previous to the contract of marriage with plaintiff, of October 2, 1832. The second marriage was therefore binding.

It seems probable, from the evidence, that the greater part of the shares mentioned in the deed of trust, or marriage settlement, although charged to *Mrs. Spear* by previous deeds from *Wren* and from *Gayslen* and *Wren*, had been paid for in reality by *Shropshire.* If so, the settlement, instead of being made by the plaintiff, must be viewed as made by the defendant *Shropshire,* who was a party to the deed; and such a settlement appears to be valid, by the law of Mississippi, against *subsequent* creditors. See case of *Wells* v. *Treadwell,* decided by the High Court of Errors and Appeals of Mississippi, at the April term, 1855, referring to 24 Mi. Rep. 181 and 25 Mi. Rep. 66.—*Armfield* v. *Armfield,* 1 Ch. Rep. Miss. 316.

The contract in question was executed in Mississippi, where all the parties resided, and was intended to have effect there. Its effect must, therefore, be governed by the law of Mississippi. C. C. Art. 10.

We find no error in the judgment of the District Court, rejecting the claim of plaintiff on account of money received by her husband, for land sold in Mississippi.

Judgment affirmed, with costs.

MERRICK, C. J. I have recused myself in this case and take no part in the decision.